**Kamal D. Mann, Esq.**
**The Mann Law Offices, P.C.**
2440 W. Shaw Ave, Suite 210
Fresno, CA 93711
Tel: 559-577-7140
Email: attorney@themannlawoffices.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**In the Matter of** )
)
**Resham Singh** )
**A-241-895-236** )
Petitioner )

**PETITION FOR WRIT OF HABEAS CORPUS**

**ORAL ARGUMENT REQUESTED**

**EXPEDITED HEARING REQUESTED**

**Warden of Desert View Annex** )
**Markwayne Mullin, Secretary of the U.S. Department of Homeland Security,** )
**Todd Blanche, Attorney General of the United States,** )
**U.S Immigration Customs Enforcement,** )
**U.S. Department of Homeland Security,** )
**In their official capacities** )
Respondents )

**Introduction**

1. Petitioner Resham Singh is in civil immigration custody at Desert View Annex in Adelanto, California. He does not ask this Court to reweigh evidence, decide whether he is dangerous or a flight risk, or substitute its judgment for that of an Immigration Judge. He challenges a defect that occurred before any legitimate weighing could take place: the Government scheduled the court-ordered custody hearing on approximately one day's notice and the hearing proceeded before Singh and counsel had a meaningful opportunity to gather and submit identified sponsor, housing, employment, work-authorization, and criminal-status evidence.

2. This was not an ordinary first custody hearing. On June 18, 2026, the Central District of California granted Singh's earlier § 2241 petition and ordered an individualized bond hearing before a neutral Immigration Judge within seven days or release. The order required compliance with governing constitutional, statutory, and decisional law concerning the burden of proof, danger, flight risk, and conditions that could reasonably assure appearance and community safety. Singh v. Warden of the Desert View Facility, No. 5:26-cv-02940-FWS-AJR, Dkt. 10 at 4 (C.D. Cal. June 18, 2026).

3. Singh reports that on or about June 24, 2026, he learned that the hearing would occur the next day. He was not prepared, did not have the sponsor documents he intended to present, and his then-counsel did not receive a meaningful opportunity to seek or obtain a continuance. The hearing resulted in continued detention. Singh has now been detained since May 12, 2026.

4. Due process requires more than an event labeled a hearing. It requires a meaningful opportunity to be heard. Armstrong v. Manzo, 380 U.S. 545, 552 (1965). A recent decision from this District applied that principle to a court-ordered immigration bond hearing, holding that "something called a bond hearing" did not satisfy due process where short notice prevented

meaningful participation by retained counsel and presentation of evidence. Addemys N.R. v. Warden of Cal. City Det. Facility, No. 1:26-cv-03892-MWJS, Dkt. 25 at 9-12 (E.D. Cal. July 30, 2026). The appropriate remedy is a new hearing on adequate notice, with a meaningful opportunity to present the identified evidence, or release if Respondent does not timely provide that process.

## JURISDICTION AND VENUE

5. Jurisdiction. This Court has jurisdiction under 28 U.S.C. § 2241 because Singh is in Respondent's physical custody and alleges that his custody violates the Fifth Amendment. See 28 U.S.C. §§ 2241(c)(3), 2242, 2243. Article III jurisdiction also arises under 28 U.S.C. § 1331.

6. The limitation in 8 U.S.C. § 1226(e) does not bar review. Singh challenges the legal adequacy of the procedures used, not the discretionary merits of the bond determination. See Jennings v. Rodriguez, 583 U.S. 281, 295-96 (2018); Demore v. Kim, 538 U.S. 510, 516-17 (2003); Martinez v. Clark, 124 F.4th 775, 781-85 (9th Cir. 2024); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022).

7. This Court has territorial jurisdiction and venue is proper in the Central Division because Singh is confined at Desert View Annex Facility, 10450 Rancho Road, Adelanto, California, and his immediate custodian is located in this District and Division. See Doe v. Garland, 109 F.4th 1188, 1192-1202 (9th Cir. 2024); E.D. Cal. L.R. 120(d).

## PARTIES

8. Petitioner Resham Singh is a twenty-five-year-old native and citizen of India. His A-Number is 241-895-236. He is presently confined at Desert View Annex in Adelanto, California.

9. Respondent is the current Warden, Facility Administrator, or other de facto warden of Desert View Annex. Respondent has immediate physical custody of Singh and is named only in

that official custodial capacity. Doe, 109 F.4th at 1196-1202.

## FACTUAL ALLEGATIONS

10. DHS initiated proceedings under INA § 240 by a Notice to Appear filed with the immigration court on November 4, 2022. The Notice alleges that Singh arrived at or near Lukeville, Arizona, on or about October 19, 2022, without admission or parole, and charges inadmissibility under INA § 212(a)(6)(A)(i). The contemporaneous Form I-200 identified INA § 236 as the source of custody authority.

11. Singh's post-entry interior arrest and custody are governed by 8 U.S.C. § 1226, and Respondent treated him as eligible for custody redetermination. See Rodriguez Vazquez v. Bostock, No. 25-6842, slip op. at 15, 25-27, 67 (9th Cir. July 30, 2026).

12. On November 28, 2022, Immigration Judge Sheila Gallow granted custody redetermination and set an $8,000 bond. DHS and Singh waived appeal. Singh posted bond and lived in the community until DHS arrested him again in May 2026. The 2022 release packet identified a United States-citizen relative who offered housing, financial support, and assistance attending court.

13. Singh pursued protection in his § 240 proceedings and served an I-589 application for asylum, withholding of removal, and Convention Against Torture protection in July 2023.

14. While released, Singh established community ties in California. His immigration filings and California identification reflect an address at 7203 Zelzah Avenue, Reseda, California 91335. A later I-589 draft identifies his work as a cashier at a North Hollywood liquor store beginning in January 2024.

15. Singh reports that he had employment authorization and worked regularly at the liquor store for approximately two years. He identifies the business as A & D Liquor Store at 12650 Sherman Way, North Hollywood, California. He reports that immigration officers arrested

him there on May 12, 2026, during a regular work shift.

16. Singh also reports a pending Los Angeles County criminal matter arising from an alleged driving-under-the-influence incident on December 1, 2025. The available attorney letter identifies People v. Resham Singh, No. 26VWCM01829, in Van Nuys Courthouse West, and states that attorney Miles Whitt appeared on May 18, 2026. Singh reports that no conviction has been entered.

17. The pending allegation does not eliminate the need for fair process. Criminal-status documents were directly relevant to the weight, if any, properly assigned to an unadjudicated charge and to whether conditions could address any identified concern.

## THE PRIOR HABEAS ACTION AND COURT-ORDERED HEARING

18. On May 29, 2026, while confined at the Desert View facility, Singh filed a petition under § 2241 in the Central District of California. Singh v. Warden of the Desert View Facility, No. 5:26-cv-02940-FWS-AJR (C.D. Cal.).

19. On June 18, 2026, District Judge Fred W. Slaughter granted the petition and ordered Respondents either to provide Singh an individualized bond hearing before a neutral Immigration Judge within seven days or release him. Dkt. 10 at 4. The order further required compliance with applicable law governing the burden of proof as to flight risk or danger and whether conditions could reasonably assure appearance and community safety. Id.

20. Singh reports that on or about June 24 he was told the hearing would take place the following day. He and counsel therefore had approximately one day to prepare for a hearing that would determine whether he remained jailed. Singh was not able to assemble the sponsor packet and other evidence he wanted the Immigration Judge to consider.

21. Singh reports that his then-counsel was not given a meaningful opportunity to obtain additional preparation time or to continue the hearing so that the missing evidence could be

assembled.

22. The evidence Singh intended to submit was concrete and material. It included sponsor documents identifying the proposed residence and support available upon release; proof of his approximately two years of employment; his employment-authorization document; and records showing that the December 1, 2025 DUI matter remained pending without a conviction.

23. Those materials bore directly on fixed residence, community support, employment history, criminal history, danger, flight risk, and conditions that could reasonably assure appearance and community safety. See Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

24. The hearing proceeded without the developed record Singh sought to present and resulted in continued detention. Singh does not possess the complete hearing notice, audio recording or transcript, exhibit list, or written custody decision. Those records are in Respondent's or the immigration agencies' possession and should be produced with the return.

25. On July 10, 2026, Singh moved in the Central District to reopen the judgment and enforce the writ and separately sought immediate release. On July 16, 2026, the Central District denied those applications because Singh had not first pursued administrative review of the Immigration Judge's custody determination before the Board of Immigration Appeals. Dkt. 16. The July 16 order did not adjudicate the constitutional adequacy of the hearing on the merits.

26. Singh remains in the immediate custody of Respondent. This District the proper forum for a core habeas challenge to present physical custody. Doe, 109 F.4th at 1196-1202.

## ADMINISTRATIVE REVIEW AND EXHAUSTION

27. Section 2241 contains no statutory exhaustion requirement for this claim. Any exhaustion requirement is prudential and may be excused when administrative remedies are inadequate or futile, when pursuit would cause irreparable injury, or when the challenged proceedings are void. Hernandez v. Sessions, 872 F.3d 976, 987-89 (9th Cir. 2017); Laing v.

Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Nevertheless, a detainee ordinarily must present a challenge to an Immigration Judge's custody decision to the BIA before seeking § 2241 review. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011).

28. Petitioner candidly acknowledges that no Form EOIR-26 was filed to seek Board of Immigration Appeals review of the Immigration Judge's custody determination. Petitioner states that the attorney representing him at the time did not advise him that he could appeal the bond ruling, did not advise him of the filing deadline, and did not file an appeal on his behalf. The Central District of California's July 16, 2026 ruling subsequently required Petitioner to obtain BIA review. Petitioner does not conceal that procedural history and does not ask this Court to reweigh the Immigration Judge's conclusions concerning danger or flight risk.

29. Those considerations support excusing exhaustion here. Petitioner has remained continuously detained since May 12, 2026. After his earlier habeas action resulted in an order for a bond hearing, the hearing was set on approximately one day's notice. Petitioner consequently lacked a meaningful opportunity to assemble and submit sponsor and employment evidence, and counsel was not afforded a meaningful opportunity to obtain additional preparation time. Former counsel then failed, according to Petitioner, to advise him of the right and deadline to appeal. The resulting omission was therefore not a deliberate attempt to bypass agency review. Dismissing this action would not restore the meaningful hearing opportunity that was lost; it would only extend Petitioner's physical confinement while requiring him to begin again.

30. The claim presented is narrowly procedural. Petitioner does not ask this Court to decide what bond should be imposed or to substitute its assessment of the evidence for that of the Immigration Judge. He asks for a constitutionally adequate custody hearing conducted on reasonable notice, with a meaningful opportunity to prepare and present material evidence. Because continued detention imposes an immediate and concrete loss of liberty, the Court should

excuse prudential exhaustion and reach that due-process claim.

## ALTERNATIVE REQUEST FOR STAY

31. If the Court concludes that BIA review must occur first, Petitioner respectfully requests that the Court stay and hold this action in abeyance rather than dismiss it. A stay would honor the July 16, 2026 ruling while permitting Petitioner to file an EOIR-26 accompanied by a request that the BIA accept the untimely appeal based on former counsel's failure to advise him of the right and deadline to appeal. It would also preserve this Court's jurisdiction, avoid duplicative filing and service, and prevent additional prejudice from requiring Petitioner to commence a new federal action while he remains detained. Petitioner therefore requests, in the alternative, a stay pending BIA consideration, with a status report due within thirty days.

## THIS CLAIM IS NOT BARRED AS A SUCCESSIVE PETITION

32. The statutory restrictions on second or successive petitions do not apply to immigration custody that is not pursuant to a federal-court judgment. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000). The common-law abuse-of-the-writ doctrine also does not bar a claim arising from government conduct that occurred after the petitioner prevailed on the first petition. Id. at 1111-12.

33. Singh's present claim arose from the procedure used at the post-judgment hearing. It could not have been included in his May 29 petition because the challenged hearing had not occurred. Singh candidly discloses the July 16 enforcement ruling, which did not decide the constitutional adequacy of the hearing on the merits. This Petition therefore presents a new as-applied challenge to current custody rather than an attempt to relitigate the pre-hearing claim resolved in the first action.

## CLAIM FOR RELIEF

### Fifth Amendment - Denial of a Meaningful Opportunity to Be Heard

34. The Fifth Amendment forbids the Government from depriving any person of liberty without due process of law. Civil immigration detention implicates the most elemental liberty interest. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The required hearing must occur at a meaningful time and in a meaningful manner. Armstrong, 380 U.S. at 552; Mathews v. Eldridge, 424 U.S. 319, 333, 335 (1976).

35. Ordinary § 1226(a) procedures can satisfy due process because they provide a neutral Immigration Judge, counsel, an opportunity to present evidence, BIA review, and renewed consideration upon materially changed circumstances. Rodriguez Diaz, 53 F.4th at 1196-97, 1202, 1209. But Rodriguez Diaz preserves as-applied challenges when those safeguards fail in an individual case. Id. at 1213-14. Singh invokes that narrow rule.

36. Under Mathews, the private interest is Singh's freedom from physical confinement. The risk of error was acute because the Immigration Judge decided custody on a record assembled with approximately one day's notice and without the sponsor documents, employment evidence, employment-authorization document, and criminal-status records Singh sought to present. The probable value of more preparation time was substantial because each omitted category went directly to danger, flight risk, and possible conditions. The Government's interest in speed did not require a next-day merits determination; reasonable notice or a short continuance would have imposed little burden, and the prior federal order's seven-day deadline did not excuse inadequate notice.

37. The omission was prejudicial. The missing evidence could have affected the outcome because it addressed Singh's proposed residence and support, approximately two-year employment history, work authorization, the absence of a criminal conviction, and conditions

capable of managing any identified concern. See Vargas-Hernandez v. Gonzales, 497 F.3d 919, 926 (9th Cir. 2007); Prieto-Romero v. Clark, 534 F.3d 1053, 1066 (9th Cir. 2008).

38. Addemys N.R. is closely analogous. There, this Court held that a court-ordered hearing was not constitutionally adequate where short notice prevented meaningful participation by retained counsel and presentation of evidence. Dkt. 25 at 5-12. The Court required another hearing, at least seventy-two hours' notice to the detainee and counsel, and a meaningful opportunity to present evidence. Id. at 11-12.

39. This case is unlike decisions rejecting notice claims where counsel received a continuance and filed hundreds of pages, or where the detainee knowingly proceeded without counsel and counsel had not entered an appearance. See Loba L.M. v. Andrews, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *9-11, *14-15 (E.D. Cal. Mar. 13, 2026); Sehajveer Singh v. Warden of Golden State Annex Facility, No. 1:26-cv-00172-JLT-EPG, 2026 WL 1328508, at *7-10 (E.D. Cal. May 13, 2026). Singh alleges approximately one day's notice, no effective continuance, and specific material evidence that could not be assembled.

40. Singh does not ask the Court to decide bond. Section 1226(e) therefore presents no obstacle. The Court can remedy the defective process without deciding the discretionary result by ordering a new custody hearing with reasonable notice, counsel, an opportunity to present evidence, a contemporaneous record, and application of the burden and standards required by controlling law and the June 18 order. Martinez, 124 F.4th at 781-86.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

1. Issue the writ or an order to show cause and require Respondent to produce the complete legal and factual record supporting current custody, including the current I-286, hearing notice, hearing audio or transcript, custody decision, exhibit list, and BIA

record;

2. Declare that the approximately one-day notice and absence of a meaningful opportunity to prepare and present the identified evidence denied due process;

3. Order Respondent to release Singh unless, within seven days, Respondent provides a new custody hearing before a neutral Immigration Judge, with written notice to Singh and all counsel at least seven calendar days in advance, or at minimum seventy-two hours if Singh and counsel agree they can be prepared;

4. Require at that hearing a meaningful opportunity to proceed through counsel, present testimony and documentary evidence, obtain a reasonable continuance for good cause, receive interpretation as necessary, and preserve a contemporaneous audio record;

5. Require application of the burden of proof and legal standards mandated by the June 18, 2026 order and controlling law, without asking this Court to predetermine or reweigh the discretionary result;

6. Require consideration of ability to pay and less restrictive conditions at the stage required by Hernandez v. Sessions, 872 F.3d 976, 990-91, 1000 (9th Cir. 2017), and Martinez v. Clark, 124 F.4th 775, 786-87 (9th Cir. 2024);

7. Order release under reasonable conditions if Respondent does not timely provide the constitutionally adequate hearing; and

8. Alternatively, if the Court requires BIA review before reaching the claim, stay and hold this action in abeyance rather than dismiss it, permit Petitioner to tender a late

EOIR-26, and require a status report within thirty days; and

9. Grant any other just and proper relief.

Respectfully Submitted, Dated this 8th day of September, 2026.

Kamal D. Mann

THE MANN LAW OFFICES, P.C.

*Attorney for Petitioner*

**VERIFICATION PURSUANT TO 28 U.S.C 2242**

I am submitting this verification on behalf of the Petitioner because I am the attorney for Petitioner. I or my co-counsel have discussed with the Petitioner the events described in this Petition. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 8th day of September, 2026.

Kamal D. Mann

THE MANN LAW OFFICES, P.C.

*Attorney for Petitioner*