**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RESHAM SINGH,<br>Petitioner,<br>v.<br>WARDEN OF DESERT VIEW ANNEX, ET AL.,<br>Respondents. | Case No. 5:26-cv-05189-AJR<br>**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR STAY PENDING EXHAUSTION** |

## I.

## INTRODUCTION

On September 8, 2026, Petitioner Resham Singh (A# 241-895-236) ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention in immigration custody. (Dkt. 1 at 2-3.) Also on September 8, 2026, Petitioner filed a Motion for Temporary Restraining Order. (Dkt. 2.) On September 15, 2026, Respondents Warden of Desert View Annex, Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), Todd Blanche, Attorney General of the United States, U.S. Immigration and Customs Enforcement

("ICE"), and DHS (collectively, "Respondents") filed an Answer to the Petition and Opposition to the Motion for Temporary Restraining Order (the "Answer"). (Dkt. 9.) On September 17, 2026, Petitioner filed a Reply in Support of the Petition and the Motion for Temporary Restraining Order (the "Reply"). (Dkt. 10.) The parties have consented to proceed before the undersigned U.S. Magistrate Judge for all purposes. (Dkts. 5, 11.) **For the reasons set forth below, the Court DENIES Petitioner's Motion for Temporary Restraining Order and GRANTS Petitioner's request to stay the action pending administrative exhaustion.**

## II.

## PROCEDURAL HISTORY

This is Petitioner's second habeas petition challenging his immigration detention. On May 29, 2026, Petitioner filed a prior habeas petition in Case No. 5:26-cv-02940-FWS-AJR (the "Prior Petition"). (Case No. 5:26-cv-02940-FWS-AJR, Dkt. 1.) On June 18, 2026, Judgment was entered in the prior habeas action granting the Prior Petition and directing Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within seven days or release Petitioner if such hearing was not timely provided. (Case No. 5:26-cv-02940-FWS-AJR, Dkts. 10, 11.) On June 10, 2026, Petitioner filed a Motion to Reopen Judgment and an *Ex Parte* Application for Immediate Release contending that Respondents provided a bond hearing with no notice and therefore did not allow Petitioner an adequate opportunity to prepare. (Case No. 5:26-cv-02940-FWS-AJR, Dkts. 12, 13.) Petitioner sought an order finding that Respondents failed to provide a bond hearing as required by the Judgment and therefore directing his immediate release. (Case No. 5:26-cv-02940-FWS-AJR, Dkt. 12 at 7-8; Dkt. 13 at 2.) The District Judge assigned to the prior habeas action denied both Petitioner's Motion to Reopen Judgment and *Ex Parte* Application for Immediate Release on the grounds that Petitioner failed to exhaust his administrative remedies and that excusing such

failure was not appropriate. (Case No. 5:26-cv-02940-FWS-AJR, Dkt. 16 at 5.)

## III.
## FACTUAL BACKGROUND

The background facts related to Petitioner's entry into the United States and his eventual detention by immigration authorities that led to the first habeas petition are described in the June 9, 2026 Report and Recommendation filed in the prior action. (Case No. 5:26-cv-02940-FWS-AJR, Dkt. 9 at 2-4.) The Court incorporates those facts by reference here.

The Court sets forth a summary of the new facts alleged in the Petition in this action, which is verified by counsel. (Dkt. 1 at 12.) Respondents had the opportunity to dispute these facts or provide additional facts, but declined to do so. (Dkt. 9.) Therefore, the Court considers the following facts to be undisputed and conceded for purposes of ruling on the Petition. See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

Petitioner reports that on or about June 24, 2026, he learned that a bond hearing would occur the next day. (Dkt. 1 at 2.) Petitioner was not prepared, did not have the sponsor documents he intended to present, and his then-counsel did not receive a meaningful opportunity to seek or obtain a continuance. (Id.) The hearing resulted in continued detention. (Id.) Petitioner has now been detained since May 12, 2026. (Id.)

Petitioner intended to present sponsor documents identifying the proposed residence and support available upon release, proof of his approximately two years of employment, his employment authorization document, and the records showing that the December 1, 2025 driving under the influence matter remained pending without a conviction. (Id. at 6.) Petitioner acknowledges that he did not seek review of the denial of bond by the Board of Immigration Appeals ("BIA"). (Id. at

7.) Petitioner states that his former counsel failed to advise him of the right and deadline to appeal. (Id.)

## IV.
## SUMMARY OF PETITIONER'S CLAIMS

Petitioner's sole claim for relief is that the denial of a meaningful opportunity to be heard at his bond hearing violated his due process rights. (Dkt. 1 at 9.) Petitioner makes clear that he does not ask this Court to decide his right to bond. (Id. at 10.) Instead, he seeks an Order for a new bond hearing with reasonable notice, counsel, an opportunity to present evidence, a contemporaneous record, and application of the burden and standards required by controlling law and the prior Judgment. (Id.) In the alternative, Petitioner requests that the Court stay and hold this action in abeyance rather than dismissing it. (Id. at 8.) A stay would permit Petitioner to file a request for a late appeal to the BIA, preserve the Court's jurisdiction, avoid duplicative filing and service, and prevent additional prejudice from requiring Petitioner to commence a new federal action while he remains detained. (Id.) Petitioner therefore requests, in the alternative, a stay pending BIA consideration, with a status report due within thirty days. (Id.)

## V.
## DISCUSSION

### A. Petitioner's Challenge To The Fairness Of The Bond Hearing Is Foreclosed By Collateral Estoppel.

Petitioner's sole claim for relief contends that Respondents did not provide a bond hearing in compliance with due process or the Judgment in the prior habeas action. (Dkt. 1 at 9.) However, this is the same claim that was already addressed and rejected in the prior action. Indeed, the District Judge assigned to the prior habeas action denied both Petitioner's Motion to Reopen Judgment and *Ex Parte*

Application for Immediate Release on the grounds that Petitioner failed to exhaust his administrative remedies and that excusing such failure was not appropriate. (Case No. 5:26-cv-02940-FWS-AJR, Dkt. 16 at 5.) The Court concludes that Petitioner is bound by the District Judge's ruling in the prior action based on principles of collateral estoppel. See, e.g., Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." (internal quotation marks omitted)). Accordingly, Petitioner must exhaust his administrative remedies before seeking judicial review of the fairness of his bond hearing.

**B. Petitioner's Motion For Temporary Restraining Order Is Denied.**

Petitioner's Motion for Temporary Restraining Order seeks emergency relief on the same claim that forms the basis of the Petition. (Dkt. 2 at 4-7.) The Motion for Temporary Restraining Order seeks an order directing Respondents to provide a new individualized custody hearing within ten days or release Petitioner from custody. (Id. at 7.) To justify a temporary restraining order, Petitioner must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Here, Petitioner cannot show a likelihood of success because he has not exhausted his administrative remedies. Accordingly, the Court DENIES Petitioner's Motion for a Temporary Restraining Order. (Dkt. 2.)

**C. Petitioner's Alternative Request For A Stay Is Granted.**

Petitioner alternatively requests that the Court stay and hold this action in abeyance rather than dismissing it. (Dkt. 1 at 8.) Respondents do not address this alternative request in their Answer and therefore have consented to the relief requested. (Dkt. 9); see C.D. Cal. L.R. 7-12. According to Petitioner, a stay would

permit Petitioner to file a request for a late appeal to the BIA, preserve the Court's jurisdiction, avoid duplicative filing and service, and prevent additional prejudice from requiring Petitioner to commence a new federal action while he remains detained. (Dkt. 1 at 8.) Petitioner therefore requests, in the alternative, a stay pending BIA consideration, with a status report due within thirty days. (Id.)

It is well established in the context of habeas petitions filed by state prisoners that petitioners may request a stay of a pending federal habeas action so that they can return to state court and exhaust state remedies. See, e.g., Rhines v. Weber, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." (citation omitted)). Under Rhines, a court may stay the claims in a pending federal habeas petition while the petitioner returns to state court to exhaust any unexhausted claim(s). See id. at 277-78. To obtain a Rhines stay, the petitioner must demonstrate: (1) "good cause" for the failure to exhaust the claim before filing the federal petition; (2) that the unexhausted claim is "potentially meritorious"; and (3) that the petitioner has not engaged in "intentionally dilatory litigation tactics." Id.; see also Bolin v. Baker, 994 F.3d 1154, 1156 (9th Cir. 2021). The Ninth Circuit has also clarified that district courts have discretion to stay wholly unexhausted petitions under the standards articulated in Rhines. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

Although the Ninth Circuit has not squarely addressed whether a stay under Rhines is available in the context of a habeas petition filed under 28 U.S.C. § 2241,[1] the Court concludes that there is no statutory or prudential reason not to apply the standard for a stay under Rhines in this context. See, e.g., Acevedo-Rodriguez v.

---

[1] The Ninth Circuit has noted in dicta that "[w]hen a petition does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011).

Warden of the Golden State Annex Det. Facility, 2026 WL 1284209, at *4 (E.D. Cal. May 11, 2026) ("Although the Court of Appeals has not held expressly that a Rhines stay is available to a petitioner who has brought a habeas corpus petition under 28 U.S.C. § 2241, courts that have considered the question have held a Rhines stay to be available to § 2241 petitioners."); Cruz v. Price, 2025 WL 729114, at *3 (E.D. Cal. Mar. 7, 2025) ("Given the absence of controlling authority, the undersigned presumes without deciding that a Rhines stay (or a stay pursuant to the Court's inherent authority to control its docket) may be available to Petitioner and, hence, undertakes the analysis prescribed by the Rhines court to determine the appropriateness of such a stay."). Thus, the Court will consider whether Petitioner has met the three requirements for a Rhines stay.

First, the Court concludes that Petitioner has established good cause for his failure to have exhausted administrative remedies. Indeed, it is undisputed that Petitioner's then-counsel failed to advise him of the right and deadline to appeal the denial of bond. (Dkt. 1 at 7.) Second, the Court concludes that the unexhausted claim is potentially meritorious. Once again, it is undisputed that Petitioner was only notified of the bond hearing one day before and did not receive a meaningful opportunity to seek or obtain a continuance. (Id. at 2.) Third, the Court concludes that Petitioner has not engaged in intentionally dilatory litigation tactics. To the contrary, Petitioner promptly raised his claims challenging the fairness of the bond hearing in the prior habeas action and then by filing this second habeas action. The problem is that he did not exhaust his administrative remedies. Therefore, the Court will grant Petitioner's unopposed request for a stay to allow him the opportunity to file a late appeal before the BIA. The Court will also direct Petitioner to file status reports every thirty days.

## D. Petitioner's Will Be Entitled To A *Rodriguez* Bond Hearing On November 8, 2026.

As set forth above, the Court will grant Petitioner's unopposed request for a

stay and allow Petitioner to attempt to exhaust his administrative remedies. Once Petitioner has exhausted his administrative remedies, he can return to federal court and request that the Court lift the stay. However, the Court also notes that Petitioner will be entitled to a bond hearing pursuant to the injunction issued in the Rodriguez class action once he has been detained for six months. See Rodriguez v. Holder, 2013 WL 5229795, at *3 (C.D. Cal. Aug. 6, 2013) ("Members of all four subclasses—Sections 1231, 1226(a), 1226(c), and 1225(b)—should be afforded bond hearings after six months of detention, consistent with Rodriguez II. The procedural requirements of the bond hearings should be consistent with the findings of the Ninth Circuit in Singh, and Rodriguez II. Additionally, bond hearings should be provided automatically, and plain language notice, in writing, of the bond hearings should be provided to detainees prior to the hearing."), aff'd in part, rev'd in part sub nom. Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), rev'd sub nom. Jennings v. Rodriguez, 138 S. Ct. 830 (2018); Rodriguez v. Marin, 2020 WL 13348414, at *1 (C.D. Cal. Mar. 9, 2020) (affirming that the preliminary injunction in the Rodriguez class action continues to apply to individuals detained in the Central District of California under 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)); Rodriguez v. Marin, 2020 WL 13724475, at *1 (C.D. Cal. May 28, 2020) (denying motion to vacate preliminary injunction and decertify the class).[2] "Under the preliminary injunction, at the conclusion of each bond hearing, the Immigration Judge ('IJ') shall release each Subclass member on reasonable conditions of supervision, including electronic monitoring if necessary, unless the government shows by clear and convincing evidence that continued detention is justified based

---

[2] On October 19, 2021, the Ninth Circuit reversed the district court and remanded with instruction to vacate the injunction. See Rodriguez v. Barr, 2021 WL 4871067, at *1 (9th Cir. Oct. 19, 2021). However, the mandate has not issued because the case is currently pending a petition for panel rehearing or rehearing *en banc*, which was initially due on May 22, 2026. (See Ninth Circuit Case No. 20-55770, Dkt. 79.) The deadline was subsequently extended until October 22, 2026. (See Ninth Circuit Case No. 20-55770, Dkt. 85.)

on his or her danger to the community or risk of flight." Rodriguez v. Robbins, 715 F.3d 1127, 1131 (9th Cir. 2013) (internal quotation marks omitted).

As set forth above, Petitioner has been detained by immigration authorities since May 12, 2026. (Dkt. 1 at 2.) Therefore, Petitioner will be entitled to receive a Rodriguez bond hearing on November 8, 2026 (May 12, 2026, plus 180 days). If Petitioner has not completed the exhaustion of his administrative remedies by this date, he may want to return to federal court and request the stay to be lifted so that he can receive relief under the Rodriguez injunction. This would result in Petitioner receiving a bond hearing where Respondents bear the burden of proof by clear and convincing evidence to demonstrate that he is a flight risk or a danger to the community such that Petitioner cannot be released on reasonable conditions of supervision.

## VI.
## CONCLUSION

Based on the foregoing, the Court Orders as follows:

(1) Petitioner's Motion for Temporary Restraining Order is DENIED, (Dkt. 2); and

(2) Petitioner's alternative request for a stay of the action is GRANTED. Petitioner shall file status reports updating the Court on the status of his efforts to exhaust administrative remedies every thirty (30) days. This action is therefore STAYED pending further ruling of the Court.

IT IS SO ORDERED.

DATED: September 28, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE